**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MERRILY C. COBURN,

   Plaintiff-Appellant,

v.

ROGER A. NORDEEN,

   Defendant-Appellee.

No. 02-3249
(D.C. No. 01-CV-2562-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Merrily C. Coburn, appearing *pro se* , appeals the district court's

order dismissing her 42 U.S.C. § 1983 complaint. She alleged in her complaint

---

*   This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that defendant, Roger A. Nordeen, a Kansas prosecutor sued in his individual capacity, violated her constitutional rights by making false or misleading statements in an affidavit of probable cause in support of a state criminal complaint. The district court concluded that the defendant was entitled to qualified immunity, and dismissed plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). We affirm.

We review *de novo* the district court's dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001). The court accepts as true all well-pleaded facts, and reads all reasonable inferences in favor of the plaintiff. *See Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998). A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). We note that the district court incorrectly applied a heightened pleading standard to plaintiff's § 1983 complaint. Although we previously required a plaintiff to meet a heightened pleading standard when qualified immunity was raised as a defense, we more recently held, reviewing a Rule 12(b)(6) dismissal, that our heightened pleading requirement did not survive the Supreme Court's opinion in *Crawford-El v. Britton*, 523 U.S. 574 (1998). *Currier v. Doran*, 242 F.3d 905,

916 (10th Cir. 2001). We therefore apply the traditional Rule 12(b)(6) standards enunciated above in our *de novo* review of plaintiff's claim.

Briefly, defendant prepared a sworn affidavit that plaintiff had attempted to intimidate a juvenile witness by driving by the witness's home. Plaintiff alleges the affidavit falsely stated plaintiff was looking for the witness's vehicle, mischaracterized a portion of the witness's mother's statement, and omitted information that the witness was not home during the events in question. We do not further repeat the remaining details of the underlying facts, which are fully and accurately set forth in the district court's thorough and well-analyzed memorandum and order. *See Coburn v. Nordeen*, 206 F. Supp. 2d 1119, 1120-22 (D. Kan. 2002).

Although prosecutors are absolutely immune from suits for damages arising from the performance of the traditional functions of an advocate, the district court correctly ruled that the defendant in this case is not entitled to absolute immunity for his sworn statements made in an affidavit supporting application for an arrest warrant, but may be entitled to qualified immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 130 (1997) ("Testifying about facts is the function of the witness, not of the lawyer."). The district court further correctly ruled that a public officer, such as defendant, whose request for an arrest warrant is alleged to have caused an illegal arrest is shielded by qualified immunity unless "the warrant application is

so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986). "Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Id*. at 341.

On appeal, plaintiff first contends the district court failed to afford her complaint the benefit of all favorable factual inferences, as required when considering a Rule 12(b)(6) dismissal. We disagree. Although plaintiff characterized certain of the defendant's statements in the affidavit as "false," and alleged that probable cause would have been vitiated if certain information had been included in the affidavit, her characterizations are merely conclusory allegations, not well-pled facts which must be accepted as true. In conducting a Rule 12(b)(6) analysis, the court need not accept as true any conclusory allegations contained in the complaint. *S. Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). We agree with the district court that there is nothing to support plaintiff's allegation that defendant knowingly or recklessly made false statements or omissions in his affidavit.

Plaintiff next contends that, regardless of any alleged misstatements or omissions in defendant's affidavit, it failed to support a finding of probable cause

-4-

that plaintiff intended to intimidate a witness because it was based on mere supposition. To be entitled to qualified immunity, defendant need only have possessed a reasonable belief that probable cause existed. *Anderson v. Creighton*, 483 U.S. 635, 643-44 (1987). "[I]t is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and [the Supreme Court has] indicated that in such cases those officials--like other officials who act in ways they reasonably believe to be lawful--should not be held personally liable." *Id*. at 641. Even viewing the facts in the light most favorable to plaintiff, for the purpose of a Rule 12(b)(6) dismissal, public officials are entitled to draw reasonable inferences from the facts they possess at the time. *Cf. Ornelas v. United States*, 517 U.S. 690, 699 (1996) (noting that "a police officer views the facts through the lens of his police experience and expertise"). We agree with the district court that plaintiff did not demonstrate that no reasonably competent official would have found indicia of probable cause supporting the complaint and arrest warrant.

Finally, plaintiff contends the district court improperly relied upon an unsubstantiated history of acrimony between her family and the witnesses' family in assessing the reasonableness of defendant's belief that probable cause existed. We disagree. The sheriff's report, which formed the basis of defendant's affidvavit and was attached to plaintiff's complaint, includes evidence of an

-5-

acrimonious relationship between the two families. We do not conclude that the district court placed any undue or unwarranted reliance on this one factor.

We conclude, for substantially the reasons stated in the district court's June 6, 2002 order, that plaintiff's complaint was properly dismissed for failure to state a claim. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge